UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHERILYN D. JACKMACK, individually and SHERILYN D. JACKMACK, Personal Representative of the Estate of Bruce D. Jackmack, deceased,

      Plaintiff,

v.                                        Case No.:  2:20-cv-692-SPC-NPM

BOSTON SCIENTIFIC CORPORATION,

      Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Boston Scientific Corporation's Partial Motion to Dismiss (Doc. 57) and Plaintiff Sherilyn D. Jackmack's Response in Opposition (Doc. 59). The Court grants Defendant's motion and dismisses Count IV of Plaintiff's First Amended Complaint.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

## BACKGROUND

This products liability action concerns Boston Scientific's Advantage Fit Transvaginal Mid-Urethral Sling System ("Advantage Fit"). The case was remanded to this Court from MDL 2326. On remand, the Court requested that Jackmack amend her operative pleading to remove inapplicable causes of action and conform to Florida law.

The Advantage Fit is a prescription medical device used by gynecologists to treat pelvic organ prolapse and stress urinary incontinence. (Doc. 57 at 2; Doc. 56 at 3). The product is manufactured by Boston Scientific and sold to a learned intermediary. (Doc. 57 at 2). Since being implanted with the device, Jackmack has experienced pain and suffering, sustained permanent injury, undergone further medical treatment, and incurred economic loss. (Doc. 56 at 27). Jackmack's Amended Complaint raises five claims for relief: (1) negligence; (2) design defect; (3) failure to warn; (4) breach of express warranty; and (5) loss of consortium. (Doc. 56 at 13). Boston Scientific has responded with a Partial Motion to Dismiss Plaintiff's breach of express warranty claim for failing to plead privity of contract and provide notice under Florida law. (Doc. 57 at 2).

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The

plaintiff must "give the defendant fair notice of what the claim is . . . and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court accepts all well-pled allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## DISCUSSION

Boston Scientific argues that Jackmack's breach of express warranty claim should be dismissed for lack of privity and pre-suit notice. The Court agrees.

**A. Privity**

"Florida law reveals no clear rule about whether privity is required in every Florida express warranty claim." *Godelia v. Doe 1*, 881 F.3d 1309, 1321 (11th Cir. 2018). As a general principle, however, Florida law requires privity in an action for breach of express warranty. *See Intergraph Corp. v. Stearman*, 555 So. 2d 1282, 1283 (Dist. Ct. App. Fla. 1990) ("Privity is required in order to recover damages from the seller of a product for breach of express or implied

3

warranties."); *see also Weiss v. Johansen*, 898 So. 2d 1009, 1012 (Dist. Ct. App. Fla. 2005) ("in order to recover for the breach of a warranty either express or implied, the plaintiff must be in privity of contract with the defendant"). A few courts have found the privity requirement met even if the defendant did not sell the product directly to the plaintiff. *See Cedars of Lebanon Hosp. Corp v. European X-Ray Distributors of Am., Inc.*, 444 So. 2d 1068, 1072 (Dist. Ct. Fla. App. 1984) (holding that hospital established privity, even though it did not purchase the equipment directly from the manufacturer, because the manufacturer's sales representative "called upon" the hospital to "ma[k]e direct representations" about the quality and capabilities of the product); *New Nautical Coatings, Inc. v. Scoggin,* 731 So.2d 145, 147 (Fla. 4th DCA 1999) (affirming a breach of warranty claim against a manufacturer when the manufacturer's representative was heavily involved in a transaction where a third-party shop provided the services to a plaintiff); *Carnival Corp. v. Rolls-Royce PLC*, No. 08-23318-CIV-SEITZ, 2009 WL 3861450, at *3 (S.D. Fla. Nov. 17, 2009) (relying on *Cedars*, finding plaintiffs established "direct contacts" sufficient to meet the privity requirement).

The Advantage Fit is an FDA-approved product sold only to doctors and hospitals. Jackmack did not, nor can she, allege that Jackmack bought the medical device directly from Boston Scientific. She therefore lacks privity of contract with Boston Scientific. For this reason, the breach of express

4

warranty claim fails. This Court has rejected a plaintiff's attempt to assert a claim for breach of express warranty related to a prescription medical device that can be obtained only through a learned intermediary. *See, e.g.*, *Douse v. Boston Scientific Corp.*, 314 F. Supp. 3d 1251, 1262 (M.D. Fla. 2018); *Davis v. Boston Scientific Corp.*, No. 2:17-cv-682-FtM-38CM, 2018 WL 2183885, at *6 (M.D. Fla. May 11, 2018). What's more, the limited exception in *Cedars* does not apply here because there are no allegations of direct contact between Jackmack and Boston Scientific.

  That said, Jackmack argues that one such case, *Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336 (S.D. Fla. 2009), entitles her to pursue her claim as the recipient of an express warranty. (Doc. 59 at 2–3). In *Smith*, the plaintiff sued a chewing gum manufacturer in federal court for breach of express warranty based on a claim that the chewing gum's label contained misleading statements. 663 F. Supp. 2d at 1337–38. Although the plaintiff did not buy the chewing gum directly from the manufacturer, the court ruled there was sufficient privity because the wrapper contained misleading statements, the plaintiff could not have reasonably relied on a convenience store cashier to contradict the statements, and the plaintiff relied on the statements to his detriment. *Id.* at 1342.

  Jackmack's response acknowledges this Court has rejected an argument to apply the product labeling standard from *Smith* to a similar case. (Doc. 59

5

at 1). The plaintiff in *Douse v. Boston Sci. Corp.* sued the manufacturer for injuries sustained from an implanted medical device. 314 F. Supp. 3d at 1257. There, the multifaceted complaint included claims for breach of express warranty, breach of implied warranty of merchantability, and breach of the implied warranty of fitness because the plaintiff relied to her detriment on representations in the product's brochure, website, and advertisements. *Id.* at 1261. In her attempt to establish privity, the only contacts alleged between the parties occurred through the defendant's product brochure, website, and advertisements. *Id.* Thus, the Court granted the manufacturer's motion to dismiss for lack of privity, rejecting plaintiff's call for application of the relaxed privity standard from *Smith*. *Id.* at 1261-62. In doing so, the Court noted that "the interests of privity are satisfied by direct contact, but only in the sense of personal contact between the consumer and the manufacturer. The alternative of extending warranty liability to include product label representations would swallow the privity rule entirely." *Id.* at 1262 (citing *Foster v. Chattem, Inc.*, No. 6:14-cv-346-ORL-37, 2014 WL 3687129, at *3 (M.D. Fla. July 24, 2014)).

This rationale is equally applicable here. Just as in *Smith*, this case concerns a medically implanted device bought without direct contact between the manufacturer and ultimate consumer of the product. (Doc. 56). Without direct personal contact, rather than mere contact with the product or advertising, Jackmack cannot establish privity under Florida law. *Foster*,

6

2014 WL 3687129, at *3; *see also Point Blank Solutions, Inc. v. Toyobo Am., Inc.*, No. 09–61166–CIV, 2010 WL 4624274, at *3 (S.D. Fla. Nov. 4, 2010) (finding privity sufficiently pled where there was a contract for the product between the purchaser and the manufacturer).

**B.     Notice**

Jackmack's Breach of Express Warranty Claim also lacks pre-suit notice. Florida law bars a buyer from remedy for breach of an express warranty when the plaintiff fails to notify the seller "within a reasonable time after he or she discovers or should have discovered any breach . . . ." Fla. Stat. § 672.607(3)(a). Jackmack argues that pre-suit notice is satisfied because Boston Scientific knew the defects via FDA communications and Joint Committee Opinions. (Doc. 56 at 3-6; Doc. 59 at 3). But the statutory provision requires that the buyer, rather than the FDA or any other agency, provide notice to the seller. Fla. Stat. § 672.607(3)(a); *see Toca v. Tutco, LLC*, 430 F. Supp. 3d 1313 (S.D. Fla. 2020) (rejecting plaintiff's argument that pre-suit notice was satisfied by repeated notice by other consumers and industry professionals but not plaintiff). And Jackmack's Response incorporates no case law to the contrary. (*See* Doc. 59).

Jackmack's breach of express warranty claim is therefore dismissed without prejudice for failing to allege privity and pre-suit notice under Florida law.

Accordingly, it is now

**ORDERED:**

1. Defendant's Partial Motion to Dismiss Plaintiff's breach of express warranty claim is **GRANTED**. Count IV of Plaintiff's claim is **DISMISSED** without prejudice.

2. By March 23, 2021, Plaintiff must file an amended complaint removing Count IV.

**DONE** and **ORDERED** in Fort Myers, Florida on March 16, 2021.

*Sheri Polster Chappell*
**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies: All Parties of Record